[Cite as *State v. Pettyjohn*, 2011-Ohio-4461.]

STATE OF OHIO        )           IN THE COURT OF APPEALS

                          )ss:        NINTH JUDICIAL DISTRICT

COUNTY OF LORAIN    )

STATE OF OHIO

      Appellee

      v.

DAVID LLOYD PETTYJOHN

      Appellant

C.A. Nos.     10CA009777
               10CA009894

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    98-CR-052622

DECISION AND JOURNAL ENTRY

Dated: September 6, 2011

Per Curiam.

{¶1} Defendant-Appellant David Pettyjohn appeals the judgments of the Lorain County Court of Common Pleas. For the reasons set forth below, we affirm in part, vacate in part, and remand the matter for proceedings consistent with this opinion.

I.

{¶2} In October 2000, a jury convicted Mr. Pettyjohn of five counts of gross sexual imposition and two counts of intimidation of a witness. That same month, the trial court sentenced him to 19 years in prison. This Court upheld his convictions on appeal. *State v.*

*Pettyjohn* (July 1, 2001), 9th Dist. Nos. 00CA007714, 00CA007719. In August 2009, Mr. Pettyjohn filed a motion for resentencing, arguing that the court's sentencing entry did not properly impose post-release control under Section 2967.28 of the Ohio Revised Code or comply with Crim.R. 32(C). In January 2010, the trial court "vacated" its sentencing entry because it did not correctly impose post-release control or include Mr. Pettyjohn's manner of conviction under Crim.R. 32(C). The court held another sentencing hearing and entered a new sentencing entry, this time sentencing Mr. Pettyjohn to only 15 years in prison. Mr. Pettyjohn has appealed, assigning three errors regarding the merits of his convictions. The case number for that appeal is 10CA009777.

{¶3} In March 2010, Mr. Pettyjohn moved the trial court for a nunc pro tunc order, noting that its most recent sentencing entry did not dispose of any specifications. In April 2010, the trial court issued a "corrected" sentencing entry, which explained that all of the specifications had been dismissed. In August 2010, Mr. Pettyjohn moved for another nunc pro tunc entry, arguing that the jury's verdict forms were deficient. The trial court denied that motion. Mr. Pettyjohn has appealed the denial of his second motion for a nunc pro tunc entry, assigning additional errors. The case number for that appeal is 10CA009894. We are consolidating the appeals.

II.

**Case Number 10CA009777**

ASSIGNMENT OF ERROR I

"APPELLANT'S CONVICTION FOR OBSTRUCTING OFFICIAL BUSINESS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3, OF THE OHIO CONSTITUTION."

ASSIGNMENT OF ERROR II

"APPELLANT'S CONVICTION SHOULD BE REVERSED AS THE TRIAL COURT ALLOWED UNQUALIFIED EXPERTS TO TESTIFY WITHOUT AN EXPERT REPORT IN VIOLATION OF LOCAL RULE 11(1)(A)."

ASSIGNMENT OF ERROR III

"APPELLANT'S CONVICTION SHOULD BE REVERSED AS THE STATE'S WITNESSES WERE ALLOWED TO TESTIFY OUTSIDE THEIR PROFESSED AREA OF EXPERTISE AND TO TESTIFY TO MATTERS THAT SHOULD HAVE BEEN LEFT FOR THE JURY TO DECIDE."

{¶4} Mr. Pettyjohn's assignments of error related to case number 10CA009777 all challenge the merits of his conviction. The State has argued that we should not consider his arguments because this appeal is limited to issues regarding his resentencing. However, as the trial court exceeded its jurisdiction in resentencing Mr. Pettyjohn and we are required to remand the matter to the trial court for the issuance of a nunc pro tunc entry, we do not reach the merits of Mr. Pettyjohn's assignments of error.

{¶5} The trial court resentenced Mr. Pettyjohn because the judgment entry contained improper post-release control notification and was not final and appealable as it failed to include the manner of conviction as required by *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, at syllabus; see, also, *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235 at ¶13. We begin with a discussion of the appropriate way in which the trial court should have remedied the defects at issue.

{¶6} With respect to the improper post-release control notification, pursuant to *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, at ¶29, the new sentencing hearing that Mr. Pettyjohn was entitled to was "limited to [the] proper imposition of postrelease control." With respect to the correction of the Crim.R. 32(C) defect as issue in the instant matter, the Supreme Court has likewise provided a specific mechanism to remedy the problem. See *Burge* at ¶¶16-23. The Supreme Court has concluded that the jurisdiction of the trial court in correcting a

sentencing entry that fails to include the manner of conviction is limited to the issuance of a nunc pro tunc entry. Id.

{¶7} In the instant matter, the trial court did not employ the remedies prescribed by the Ohio Supreme Court. Rather, the trial court resentenced Mr. Pettyjohn and altered his original sentence, actions that exceeded its jurisdiction. See *Fischer* at ¶29; *Burge* at ¶21. However, even when a trial court has exceeded its jurisdiction in post-release control cases by issuing a de novo sentence, this Court has simply vacated the remainder of the court's sentencing entry and left the corrected post-release control portion intact. See, e.g., *State v. Cool*, 9th Dist. Nos. 25135 & 25214, 2011-Ohio-1560, at ¶4-6. Accordingly, we vacate the resentencing entry to the extent it does anything except properly impose post-release control. Thus, Mr. Pettyjohn's original sentence remains intact. Further, as the trial court failed to issue a nunc pro tunc entry to correct the original sentencing entry's omission of the manner of conviction we remand the matter to the trial court to issue a nunc pro tunc entry as contemplated in *Baker* and *Burge*. *Baker* at ¶19; *Burge* at ¶¶16-23.

**Case Number 10CA009894**

ASSIGNMENT OF ERROR I

"THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR, CRIM. R. 52(B), IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS STATE V. PELFREY, 112 OHIO ST.3D 422 R.C. [] 2945.75(A)(2) BY SENTENCING THE APPELLANT FOR 5 COUNTS OF GROSS SEXUAL IMPOSITION, R.C. [] 29705.05 (A)(4) AT F3 WHEN THE VERDICT FORMS DID NOT STATE THE LEVEL OF THE OFFENSE, NOR A STATEMENT THAT AN AGGRAVATING ELEMENT HAS BEEN FOUND TO JUSTIFY CONVICTING A DEFENDANT OF A GREATER DEGREE OF A CRIMINAL OFFENSE AND AS A RESULT, THE GROSS SEXUAL IMPOSITION CHARGES AUTOMATICALLY REDUCE TO THE LESSER OFFENSE OF 'SEXUAL IMPOSITION' R.C. [] 2907.06 AT M3."

ASSIGNMENT OF ERROR II

"THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR, CRIM. R. 52 (B) IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS BY SENTENCING THE APPLELLANT FOR 2 COUNTS OF INTIMIDATION OF A WITNESS R.C. [] 2921.04 (B) AT F3, AS NEITHER ONE OF THE VERDICT FORMS STATED THE LEVEL OF THE OFFENSE, NOR A STATEMENT THAT AN AGGRAVATING ELEMENT HAS BEEN FOUND TO JUSTIFY CONVICTING A DEFENDANT OF A GREATER DEGREE OF A CRIMINAL OFFENSE, IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS R.C. [] 2945.75 (A)(2), PURSUANT TO STATE V. PELFREY, 112 OHIO ST.3D 422, STATE V. SESSLER, 119 OHIO ST.3D 9, THEREFORE, INTIMIDATION OF A WITNESS CHARGES AUTOMATICALLY REDUCE TO THE LESSER DEGREE OF THE OFFENSE R.C. [] 2921.04 (D) AT M1."

ASSIGNMENT OF ERROR III

"THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PLAIN ERROR, CRIM. R. 52 (B) IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS BY FAILING TO DISMISS THE ONE COUNT OF INTIMIDATION OF A WITNESS R.C. [] 2921.04 (B) BASED ON THE VERDICT FORMS FINDING THE APPELLANT GUILTY FOR THE CHARGES THE DAY BEFORE THE JURY ACTUALLY DELIBERATED FOR IT RENDERING THE CONVICTIONS VOID."

{¶8} Mr. Pettyjohn asserts with respect to case number 10CA009894 that the trial court erred in denying his motion for nunc pro tunc and/or dismissal. Based upon his arguments on appeal, we disagree.

{¶9} In his motion, Mr. Pettyjohn stated that he "hereby brings this serious clerical error to the courts attention for immediate correction after an evidentiary hearing with Mr. Pettyjohn present in open court for the nunc pro tunc correction to the judgment entry." The clerical error he refers to is an incorrect date on the jury verdict form which erroneously stated that the jury found Mr. Pettyjohn guilty on September 28, 2000 rather than September 29, 2000, the date the jury actually deliberated and found him guilty. In addition to identifying the existence of a clerical error, Mr. Pettyjohn also sought dismissal of certain convictions, suggesting that the trial court should effectuate the dismissals via nunc pro tunc entries.

{¶10} This Court has stated that:

"[a] nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth. It is used to record that which the trial court did, but which has not been recorded. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus, the office of a nunc pro tunc order is limited to memorializing what the trial court actually did at an earlier point in time. It can be used to supply information which existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors." (Internal citation omitted.) *State v. Greulich* (1988), 61 Ohio App.3d 22, 24.

Further, Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, *may* be corrected by the court at any time." (Emphasis added.)

{¶11} With respect to Mr. Pettyjohn's first two assignments of error, the alleged error he seeks to remedy is not correctable via a nunc pro tunc entry. Mr. Pettyjohn seeks to have the trial court change the charges he was convicted of; Mr. Pettyjohn does not seek to correct the record to reflect what actually happened. See *Greulich*, 61 Ohio App.3d at 24. Further, from his brief on appeal, it is not clear that he is actually seeking a nunc pro tunc correction, instead it appears he is seeking other substantive relief than that he requested in the trial court. Accordingly, Mr. Pettyjohn's first two assignments of error are properly overruled.

{¶12} With respect to Mr. Pettyjohn's third assignment of error, he asserts that two of the jury verdict forms inaccurately reflected the date the jury reached its verdict. While if this were true, such an error would be in the nature of a clerical error correctable via nunc pro tunc, see id., on appeal Mr. Pettyjohn does not appear to seek a nunc pro tunc correction. Mr. Pettyjohn instead seeks dismissal of the convictions, which would not be warranted to correct a clerical error. Thus, Mr. Pettyjohn's third assignment of error is overruled.

III.

{¶13} In light of the foregoing, with respect to case number 10CA009777, we affirm the judgment of the trial court to the extent it properly imposed post-release control and vacate the

remainder of the resentencing entry. Further, we remand the matter to the Lorain County Court of Common Pleas for the issuance of an appropriate nunc pro tunc entry. With respect to case number 10CA009894, we affirm the judgment of the Lorain County Court of Common Pleas.

> Judgments affirmed in part,
> vacated in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR

DICKINSON, J.
<u>CONCURS IN PART, AND DISSENTS IN PART, SAYING:</u>

INTRODUCTION

{¶14} A jury convicted David Pettyjohn of five counts of gross sexual imposition and two counts of intimidation of a witness, and the trial court sentenced him to 19 years in prison. This Court upheld his convictions on appeal. *State v. Pettyjohn*, 9th Dist. Nos. 00CA007714, 00CA007719, 2001 WL 773232 (July 1, 2001). Several years later, the trial court resentenced Mr. Pettyjohn because it had not correctly imposed post-release control and had not specified Mr. Pettyjohn's manner of conviction in its sentencing entry. Mr. Pettyjohn has appealed the court's resentencing entry. He later moved the trial court for a nunc pro tunc order, arguing that the jury's verdict forms were deficient. The trial court denied his motion, and Mr. Pettyjohn has appealed that decision as well. We should affirm the judgments in part because Mr. Pettyjohn's arguments are barred by the doctrine of res judicata and should reverse in part because the trial court did not have authority to reduce Mr. Pettyjohn's prison term when it resentenced him.

PROCEDURAL BACKGROUND

{¶15} In October 2000, a jury convicted Mr. Pettyjohn of five counts of gross sexual imposition and two counts of intimidation of a witness. That same month, the trial court sentenced him to 19 years in prison. In August 2009, Mr. Pettyjohn filed a motion for resentencing, arguing that the court's sentencing entry did not properly impose post-release control under Section 2967.28 of the Ohio Revised Code or comply with Rule 32(C) of the Ohio Rules of Criminal Procedure. In January 2010, the trial court "vacated" its sentencing entry because it did not correctly impose post-release control or include Mr. Pettyjohn's manner of conviction under Rule 32(C). The court held another sentencing hearing and entered a new

sentencing entry, this time sentencing Mr. Pettyjohn to only 15 years in prison. Mr. Pettyjohn has appealed, assigning three errors regarding the merits of his convictions. The case number for that appeal is 10CA009777.

**{¶16}** In March 2010, Mr. Pettyjohn moved the trial court for a nunc pro tunc order, noting that its most recent sentencing entry did not dispose of any specifications. In April 2010, the trial court issued a "corrected" sentencing entry, which explained that all of the specifications had been dismissed. In August 2010, Mr. Pettyjohn moved for another nunc pro tunc entry, arguing that the jury's verdict forms were deficient. The trial court denied that motion. Mr. Pettyjohn has appealed the denial of his second motion for a nunc pro tunc entry, assigning additional errors regarding the merits of his convictions. The case number for that appeal is 10CA009894.

## RES JUDICATA

**{¶17}** Mr. Pettyjohn's assignments of error are that his convictions are against the manifest weight of the evidence, that the trial court incorrectly allowed an unqualified witness to testify as an expert, that the trial court incorrectly allowed the State's expert witnesses to testify outside the areas of their expertise, and that the jury's verdict forms were deficient. The State has argued that we should not consider his arguments because this appeal is limited to issues regarding his resentencing. According to the State, the trial court's post-release control and Criminal Rule 32(C) errors only made its original sentencing entry partially void. See *State v. Ketterer*, 126 Ohio St. 3d 448, 2010-Ohio-3831, at ¶59-60 (concluding res judicata barred the assertion of claims that could have been raised in defendant's first appeal).

## POST-RELEASE CONTROL

{¶18} Regarding the trial court's failure to properly impose post-release control, in *State v. Bezak*, 114 Ohio St. 3d 94, 2007-Ohio-3250, the Ohio Supreme Court held that, "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void. The offender is entitled to a new sentencing hearing for that particular offense." *Id*. at syllabus. In *State v. Fischer*, 128 Ohio St. 3d 92, 2010-Ohio-6238, however, the Court modified *Bezak*, clarifying that, "[if] a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, [only] that *part* of the sentence is void and must be set aside." *Id*. at ¶26. "[R]es judicata still applies to other aspects of the merits of [the] conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Id*. at paragraph three of the syllabus. The only issues a defendant can raise on appeal after the resentencing hearing to correctly impose post-release control are "issues arising at the resentencing hearing." *Id*. at paragraph four of the syllabus. Accordingly, the State is correct that the trial court's failure to properly impose post-release control does not allow Mr. Pettyjohn to contest the merits of his underlying convictions in these appeals.

CRIMINAL RULE 32(C)

{¶19} Regarding the trial court's failure to properly follow Rule 32(C) of the Ohio Rules of Criminal Procedure, that rule provides that "[a] judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence." In *State v. Baker*, 119 Ohio St. 3d 197, 2008-Ohio-3330, the Ohio Supreme Court considered whether the rule's language requires the judgment of conviction of a defendant who has been found guilty by a jury to contain the plea that the defendant entered at arraignment for it to be appealable. *Id*. at ¶1. The Supreme Court concluded that it does not, holding, instead, that "[a] judgment of

conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Id.* at syllabus (explaining Crim. R. 32(C)).

{¶20} In *Baker*, the Supreme Court noted that the court of appeals had required judgments of conviction to contain five things: "(1) the plea; (2) the verdict or findings; (3) the sentence; (4) the signature of the judge; and (5) the time stamp of the clerk to indicate journalization." *State v. Baker*, 119 Ohio St. 3d 197, 2008-Ohio-3330, at ¶13. The Court disagreed with that interpretation of the rule, explaining that a "more logical interpretation" of the "phrase 'the plea, the verdict or findings, and the sentence' is that a trial court is required to sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." *Id.* at ¶14. It, therefore, held that the court of appeals had incorrectly concluded that Mr. Baker's judgment of conviction was not appealable. *Id.* at ¶19 (explaining that a judgment of conviction "need not necessarily include the plea entered at arraignment, but . . . must include the sentence and the means of conviction, whether by plea, verdict, or finding by the court, to be a final appealable order under R.C. 2505.02.").

{¶21} In his motion for resentencing, Mr. Pettyjohn argued that his sentence was invalid because it did not contain the means or manner of conviction, as those terms are used throughout *Baker*. He noted that, instead of explaining whether the court made a finding of guilt after a no contest plea or bench trial or whether he was found guilty by a jury, his sentencing entry merely stated that he had "appeared . . . for sentencing after having been found guilty to the following

charge(s)[.]" According to Mr. Pettyjohn, because the sentencing entry did not explain the means or manner of his conviction, it was deficient under *Baker*. The trial court agreed, and vacated his sentence.

{¶22} Although the trial court's original sentencing entry did not include Mr. Pettyjohn's manner of conviction, the court exceeded its authority when it "vacated" Mr. Pettyjohn's entire sentence. In *State ex rel. DeWine v. Burge*, 128 Ohio St. 3d 236, 2011-Ohio-235, Nancy Smith moved for resentencing fourteen years after her convictions, arguing that the trial court's sentencing entry did not comply with Criminal Rule 32(C). The trial court granted her motion, vacated her convictions and sentence, and entered a judgment of acquittal under Criminal Rule 29(C). The State sought a writ of prohibition, arguing that the trial court did not have jurisdiction to enter a judgment of acquittal. *Id*. at ¶4.

{¶23} The Supreme Court agreed that Ms. Smith's sentencing entry was defective under Criminal Rule 32(C) because it did not contain "the manner of the conviction." *State ex rel. DeWine v. Burge*, 128 Ohio St. 3d 236, 2011-Ohio-235, at ¶13 (quoting *State v. Baker*, 119 Ohio St. 3d 197, 2008-Ohio-3330, at ¶14). It reached that conclusion, in part, because the State had conceded error in the court of appeals and had, itself, asked the trial court to correct Ms. Smith's sentence under *Baker*. *Id*. at ¶12. Accordingly, the Supreme Court concluded that the State had invited any error. *Id*. Quoting *Baker*, it also reaffirmed that "a trial court is required to sign and journalize a document memorializing the sentence *and the manner of the conviction*: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." *Id*. at ¶13 (quoting *Baker*, 2008-Ohio-3330, at ¶14). Because the trial court's sentencing entry "did not disclose that [Ms.] Smith had been found guilty by a jury[,]" it did not comply with Criminal Rule 32(C). *Id*.

**{¶24}** The Supreme Court next discussed the appropriate way to correct a sentencing entry that does not comply with Criminal Rule 32(C). It characterized the trial court's error in that case as a "clerical mistake" and concluded that it was correctable through a nunc pro tunc order under Criminal Rule 36. *State ex rel. DeWine v. Burge*, 128 Ohio St. 3d 236, 2011-Ohio-235, at ¶18. Noting that a nunc pro tunc entry is "limited in proper use to reflect[ ] what the court actually decided, not what the court might or should have decided," it held that the trial court's Criminal Rule 32(C) error "vested the . . . court with specific, limited jurisdiction to issue a new sentencing entry to reflect what the court had previously ruled and not to issue a new sentencing order reflecting what . . . the court should have ruled." *Id*. at ¶17, 19 (quoting *State ex rel. Mayer v. Henson*, 97 Ohio St. 3d 276, 2002-Ohio-6323, at ¶14). It, therefore, concluded that the trial court had exceeded its jurisdiction when it vacated Ms. Smith's convictions and sentence. *Id*. at ¶21.

**{¶25}** Consistent with *Burge*, I agree with the lead opinion that the trial court did not have authority to vacate Mr. Pettyjohn's entire sentencing entry, even though the entry did not comply with Criminal Rule 32(C). Rather, the court was limited to entering a nunc pro tunc order to correct its clerical mistake. *State ex rel. DeWine v. Burge*, 128 Ohio St. 3d 236, 2011-Ohio-235, at ¶18, 21. The trial court, however, did correct its clerical mistake in its "Corrected Judgment Entry of Conviction and Sentence," explaining that Mr. Pettyjohn had been "found guilty of [the offenses] by a jury[.]" We, therefore, should reinstate the trial court's original October 2000 sentencing entry, as corrected by the court's "[c]orrected" entry. Because the trial court did not have authority to change Mr. Pettyjohn's sentence, we should vacate the "[c]orrected" entry to the extent that it attempted to do anything beyond correcting the court's Rule 32(C) and post-release control mistakes.

{¶26} A nunc pro tunc order relates back to the date of the original entry. *State ex rel. Womack v. Marsh*, 128 Ohio St. 3d 303, 2011-Ohio-229, at ¶15. Because of the trial court's corrective entry, we should consider the court's original sentencing compliant with Criminal Rule 32(C) and conclude that the doctrine of res judicata bars Mr. Pettyjohn from rearguing the merits of his convictions in these appeals. See *State v. Ketterer*, 126 Ohio St. 3d 448, 2010-Ohio-3831, at ¶59 ("Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal."); *State v. Triplett*, 6th Dist. No. L-10-1158, 2011-Ohio-1713, at ¶21 (concluding that defendant could not reargue the merits of his conviction on appeal from judgment correcting a sentencing entry that did not comply with Criminal Rule 32(C)). Mr. Pettyjohn's assignments of error should be overruled.

## CONCLUSION

{¶27} Mr. Pettyjohn may not reargue the merits of his convictions on appeal from an order that corrected the trial court's improper imposition of post-release control and a clerical error under Rule 32(C) of the Ohio Rules of Criminal Procedure or on appeal from the denial of his motion for a nunc pro tunc order. The judgment of the Lorain County Common Pleas Court in case number 10CA009777 should be affirmed to the extent that it corrected the post-release control and Criminal Rule 32(C) errors, but should otherwise be vacated, and Mr. Pettyjohn's original sentence should be reinstated. I agree that the judgment in case number 10CA009894 should be affirmed.


APPEARANCES:

DAVID PETTYJOHN, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and, BILLIE JO BELCHER, Assistant Prosecuting Attorney, for Appellee.