[Cite as *State v. Williams*, 2011-Ohio-6604.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.      25716 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHARLES A. WILLIAMS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.      CR 10 04 0913 (B) |

DECISION AND JOURNAL ENTRY

Dated: December 21, 2011

---

MOORE, Judge.

{¶1}    Appellant, Charles A. Williams, appeals his conviction and sentence by the Summit County Court of Common Pleas.  This Court affirms.

I

{¶2}    When Cuyahoga Falls police pulled garbage from outside a house on Beechwood Circle, they found numerous items associated with methamphetamine labs and, based on that evidence, they obtained a search warrant for the residence.   The home was owned by Sara Denton, who lived there with her granddaughter, Kristen Buck, Ms. Buck's boyfriend, Mr. Williams, and Ms. Buck's two daughters.  Police stopped Ms. Buck's car after she took her youngest daughter to school on March 19, 2010.  In her possession, they found Mr. Williams' wallet, which contained his birth certificate, an expired driver's license, coffee filters, and a bag of methamphetamine.  Ms. Buck told the officers that they would find waste material from a "cook" in the basement of the Beechwood Circle home along with a backpack owned by Mr.

Williams that contained the methamphetamine lab equipment. When they later executed the search warrant, police found that evidence as well as additional evidence consistent with the presence of a methamphetamine lab.

{¶3} Mr. Williams was charged with Illegal Manufacture of Drugs in violation of R.C. 2925.04(A); Illegal Assembly or Possession of Chemicals for the Manufacture of Drugs in violation of R.C. 2925.041(A); and Endangering Children in violation R.C. 2919.22(B)(6). The indictment charged that all of the offenses occurred "on or about" March 19, 2010. A jury found Mr. Williams guilty of all three crimes, and the trial court sentenced him to concurrent prison terms of ten, eight, and three years, respectively. Mr. Williams appealed. His four assignments of error are rearranged for ease of analysis.

II

ASSIGNMENT OF ERROR I

"APPELLANT'S CONVICTIONS ARE UNCONSTITUTIONAL AS THEY ARE BASED ON INSUFFICIENT EVIDENCE AND ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION."

{¶4} Mr. Williams' first assignment of error is that his convictions are based on insufficient evidence. Specifically, he has argued that the State failed to prove, with respect to each offense charged, that the underlying conduct occurred on the date charged in the indictment. Although Mr. Williams' assignment of error states that he is also challenging the weight of the evidence in support of his convictions, his argument does not address manifest weight. We decline to do so as well. See, generally, *Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. No. 25281, 2011-Ohio-435, ¶7 ("It is not * * * our duty to create an argument where none is made.").

**{¶5}** "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. No. 24731, 2009-Ohio-6955, at ¶18, citing *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386. The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins*, 78 Ohio St.3d at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273. The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. Id.

**{¶6}** As a general rule, the date on which an offense is alleged to have occurred is not an essential element of the offense. See *State v. Sellards* (1985), 17 Ohio St.3d 169, 171. Consequently, the failure to identify with specificity the date of an offense in the indictment is not ordinarily grounds to dismiss the indictment. Id. "[W]here the inability to produce a specific time or date when the criminal conduct occurred is * * * without material detriment to the preparation of a defense, the omission is without prejudice, and without constitutional consequence." Id. at 172. Courts have extended this analysis to the argument that the State fails to prove an essential element of the offense when it produces insufficient evidence of the date at trial. See, e.g., *State v. Forney*, 9th Dist. No. 24361, 2009-Ohio-2999, at ¶10-11; *State v. McFeely*, 11th Dist. No. 2008-A-0067, 2009-Ohio-1436, at ¶20-31; *State v. Miller*, 5th Dist. No. 2006CA00030, 2006-Ohio-6236, at ¶21-23. See, also, *State v. Adams*, 5th Dist. No. 02-CA-00043, 2002-Ohio-5953, at ¶7-19. As with cases involving the sufficiency of an indictment, the key issue is whether the defendant has notice of the nature of the offense and has been afforded a

reasonable opportunity to make a defense. See *McFeely*, 2009-Ohio-1436, at ¶28, citing *State v. Green* (Nov. 4, 1988), 11th Dist. No. 1895.

{¶7} In *Forney*, this Court considered the same argument that Mr. Williams has made in this case: whether the State was required to prove that the illegal manufacture of drugs occurred on or about the date specified in the indictment, which was, as in this case, the date of the underlying search. *Forney*, 2009-Ohio-2999, at ¶10. We rejected the argument that the State was required to prove "the precise date of manufacture," concluding that "[t]he State is only required to prove that the offense occurred reasonably near the date specified in the indictment" and may do so by circumstantial evidence. Id. at ¶10-11.

{¶8} Mr. Williams lived at the Beechwood Circle address for about two months before police searched the house on March 19, 2010. On March 15, 2010, they identified items related to a methamphetamine cook in the garbage. According to the police officers who stopped Ms. Buck's car on March 19, 2010, Ms. Buck told them that when they searched the house, they would find "some waste there from a cook" and "a backpack in the basement with the meth lab in it." Police found what she described, including a backpack that was identified as belonging to Mr. Williams. They also found coffee filters in Mr. Williams' wallet, which was in Ms. Buck's possession on March 19, 2010. Viewing this evidence in the light most favorable to the State, a reasonable jury could conclude that the offenses alleged against Mr. Williams occurred "on or about March 19, 2010." His first assignment of error is overruled.

<u>ASSIGNMENT OF ERROR III</u>

"THE TRIAL COURT ERRED WHEN IT ALLOWED THE ARRESTING DETECTIVE TO TESTIFY AS AN EXPERT WITNESS WHERE NO NOTICE WAS PROVIDED THAT HE WOULD BE TESTIFYING AS AN EXPERT NOR WHERE THE COURT MADE A FINDING THAT HE WAS AN EXPERT WITNESS, IN VIOLATION OF RULES 701, 702, 703, AND 704 OF THE OHIO RULES OF EVIDENCE AND THE DUE PROCESS CLAUSES OF THE

FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION."

{¶9} Mr. Williams' second assignment of error is that the trial court erred by allowing a police officer to testify regarding the process of cooking methamphetamine and the significance of items seized during the search of Ms. Buck's house. Because he characterizes the officer's statement as expert testimony, Mr. Williams has argued that he was required to qualify as an expert under Evid.R. 702. We disagree.

{¶10} As an initial matter, we note that with respect to Detective Anderson's testimony about the process of cooking methamphetamine, Mr. Williams did not object at trial. This Court may recognize plain error that affects a substantial right when necessary to prevent a manifest miscarriage of justice. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶15-16. Nonetheless, "this Court will not construct a claim of plain error on a defendant's behalf if the defendant fails to argue plain error on appeal." *State v. Arnold*, 9th Dist. No. 24400, 2009-Ohio-2108, at ¶8. Because Mr. Williams neither objected at trial nor argued plain error in this appeal, he did not preserve any error with respect to this portion of Detective Anderson's testimony. We decline to analyze it for plain error as well because Mr. Williams did not argue plain error on appeal.

{¶11} Mr. Williams did object to Detective Anderson's testimony that "[w]ithout a doubt there was definitely a methamphetamine lab at [the] Beechwood Circle [address]." Detective Anderson did not need to be qualified as an expert under Evid.R. 702, however, because this statement constitutes lay opinion testimony permitted by Evid.R. 701. Under Evid.R. 701, "[a] lay witness may offer opinions and inferences provided they are both rationally based on his perception and helpful to the jury's understanding of the testimony or determination

of a fact in issue." *State v. Morgan*, 9th Dist. No. 07CA0124-M, 2008-Ohio-5530, at ¶30. Detective Anderson's testimony was admissible as lay opinion because it met both of the requirements of Evid.R. 701: it was based on his personal observation of the items taken from the garbage outside the residence and found within the house, and it aided the jury's understanding of the significance of those items when found together. See, e.g, *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, at ¶222 (summarizing situations in which a police officer's lay opinion testimony is proper when based on the perception of evidence at a crime scene). Mr. Williams' third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

"APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO DETECTIVE ANDERSON TESTYING AS AN EXPERT WITHOUT EITHER BEING NOTIFIED OF HIS EXPERT TESTIMONY OR BEING ACCEPTED TO BE AN EXPERT ON THE MANUFACTURE OF METHAMPHETAMINES, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, §10 OF THE OHIO CONSTITUTION."

{¶12} Mr. Williams' fourth assignment of error is that trial counsel's performance was ineffective because he did not object to Detective Anderson's testimony about the process of manufacturing methamphetamine. This Court does not agree.

{¶13} This Court must analyze claims of ineffective assistance of counsel under a standard of objective reasonableness. See *Strickland v. Washington* (1984), 466 U.S. 668, 688; *State v. Bradley* (1989), 42 Ohio St.3d 136, 142. Under this standard, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland*, 466 U.S. at 687. A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is

a reasonable possibility that the outcome of the trial would have been different. Id. at 694. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689.

{¶14} Mr. Williams cannot demonstrate that trial counsel's performance was ineffective in this regard because it was not deficient. More specifically, because Detective Anderson's testimony about methamphetamine production was proper under Evid.R. 701, there was no reason for counsel to object.

{¶15} When a police officer provides general testimony about the process of manufacturing methamphetamine that is based on personal observation, that testimony is "certainly helpful to the trier of fact in identifying the role of the ingredients in the process and the equipment necessary in production of methamphetamine." *State v. Harper*, 5th Dist. No. 07 CA 151, 2008-Ohio-6926, at ¶43. As such, it is lay witness testimony within the purview of Evid.R. 701. Id. at ¶37-43. Failure to object to such testimony on the part of defense counsel does not constitute ineffective assistance. Id. at ¶44.

{¶16} In this case, Officer Williams testified regarding the process used to manufacture methamphetamine and the materials commonly used in that process. His testimony provided the context for the jury to appreciate the significance of otherwise common household items found together in Ms. Buck's residence. It was well within the scope of Evid.R. 701, and trial counsel's performance was not deficient to the extent that he chose not to object. Mr. Williams' fourth assignment of error is overruled.

ASSIGNMENT OF ERROR II

"APPELLANT WAS IMPROPERLY SENTENCED TO HIGHER LEVEL FELONIES AND FOR SPECIFICATIONS NOT FORMALLY FOUND BY THE COURT, IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES

CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO
CONSTITUTION."

{¶17} In his second assignment of error, Mr. Williams has argued that because the trial court did not reiterate the jury's findings that he committed the charged offenses in the presence a juvenile and that the substance involved was methamphetamine, he could not be sentenced in accordance with those findings. We disagree.

{¶18} When the degree of an offense can be elevated by proof of additional elements, R.C. 2945.75(A)(2) requires that the guilty verdict must "state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present." Id. See, also, *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, at syllabus. When a case is tried to a jury and the jury completes verdict forms that comply with R.C. 2945.75(A), the verdict form is sufficient to elevate the degree of the offense as charged in the indictment, and all that is left is for the trial court to enter judgment in a manner that complies with Crim.R. 32(C). As the Ohio Supreme Court has explained:

> "Crim.R. 32(C) clearly specifies the substantive requirements that must be included within a judgment entry of conviction to make it final for purposes of appeal and that the rule states that those requirements 'shall' be included in the judgment entry of conviction. These requirements are the fact of the conviction, the sentence, the judge's signature, and the entry on the journal by the clerk. All of these requirements relate to the essence of the act of entering a judgment of conviction and are a matter of substance, and their inclusion in the judgment entry of conviction is therefore required. * * * A judgment entry of conviction that includes the substantive provisions places a defendant on notice that a final judgment has been entered and the time for the filing of any appeal has begun." (Internal citations omitted.) *State v. Lester*, --- Ohio St.3d ---, 2011-Ohio-5204, ¶11.

R.C. 2945.75(A) does not impose additional requirements on the trial court when entering judgment for offenses of an elevated degree beyond what is required by Crim.R. 32(C). Because the jury forms in this case complied with the requirements of R.C. 2945.75(A)(2) and the trial

court entered judgment in accordance with Crim.R. 32(C), nothing further was required to sentence Mr. Williams to the elevated offenses. Mr. Williams' second assignment of error is overruled.

{¶19} Mr. Williams has also argued that this Court should remand the case to the trial court because the journal entry that reflects the jury verdict contains a clerical error. The State agrees. It is unnecessary for this Court to remand the case for correction of this mistake, however, because a trial court may correct a clerical error in its judgment under Crim.R. 36 at any time. See *State v. Pettyjohn*, 9th Dist. Nos. 10CA009777, 10CA009894, 2011-Ohio-4461, at ¶10-11.

### III

{¶20} Mr. Williams' assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
CONCURS, SAYING:

{¶21} I concur in the majority opinion with respect to Mr. Williams' first and second assignments of error and the ultimate disposition of his third and fourth assignments of error. Because I believe that Detective Anderson did, in fact, testify as an expert witness, however, I would analyze the second part of his third assignment of error and his fourth assignment of error differently.

{¶22} Detective Anderson's opinion that there was a methamphetamine lab in the Beechwood Circle home was clearly "relate[d] to matters beyond the knowledge or experience possessed by lay persons[.]" As such, it was expert testimony under Evid.R. 702(A), and Detective Anderson should have been qualified as an expert under Evid.R. 702(B). Although the trial court did not formally qualify Detective Anderson as an expert witness, counsel for the State of Ohio asked all of the foundational questions necessary for qualification regarding his experience in drug interdiction and level of specialized training, but stopped short just at the point of asking that he be qualified. He testified, without objection, regarding the process for manufacturing methamphetamine and described in that context all of the items that were found when police searched the Beechwood Circle home. "While it is preferable for the trial court to

explicitly find that a witness qualifies as an expert, where the testimony of a witness relates to knowledge beyond the scope of a lay person, we can infer from the record that the trial court found the witness to be an expert, and the question thus becomes whether the witness was properly qualified as an expert." *State v. Michalek*, 5th Dist. No. 2010CA00186, 2011-Ohio-1628, at ¶34. Mr. Williams did not object until the State asked whether he had any doubt that there was in fact a methamphetamine lab in the Beechwood Circle home, nor did he object to the State's follow-up questions concerning whether Detective Anderson's opinion was based upon his education, training, and experience. From this record, therefore, it does not appear that Mr. Williams objected to Detective Anderson's qualifications, and in light of his testimony, he properly qualified as an expert.

**{¶23}** Nonetheless, any error by the trial court in this respect was harmless beyond a reasonable doubt. In other words, Detective Anderson's opinion that there was "[w]ithout a doubt" a methamphetamine lab at the Beechwood Circle home was cumulative to the overwhelming evidence presented in the trial court that a methamphetamine lab existed at the Beechwood Circle home, including Detective Anderson's testimony that was admitted without objection. See, e.g., *State v. Rangel* (2000), 140 Ohio App.3d 291, 296.

**{¶24}** I would overrule Mr. Williams' third assignment of error on this basis. Similarly, having found that any error with respect to Detective Anderson's testimony was harmless beyond a reasonable doubt, I would overrule Mr. William's fourth assignment of error because there is not a reasonable possibility that the outcome of his trial would otherwise have been different.

DICKINSON, J.
CONCURS, SAYING:

{¶25} I concur in the majority's judgment and most of the lead opinion. I do not concur in its refusal to reach that part of Mr. Williams's first assignment of error related to manifest weight of the evidence and that part of his second assignment of error related to Detective Anderson's testimony about the process of cooking methamphetamine. Mr. Williams's convictions are not against the manifest weight of the evidence, and the trial court did not commit plain error by allowing Detective Anderson's testimony. "[T]he fundamental tenet of judicial review in Ohio [is] that courts should decide cases on their merits[.]" *State ex rel. Wilcox v. Seidner*, 76 Ohio St. 3d 412, 414 (1996).

APPEARANCES:

ADAM VAN HO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.