[Cite as *State v. Klein*, 2013-Ohio-3514.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26573 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES R. KLEIN, III | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 09 2404 |

DECISION AND JOURNAL ENTRY

Dated: August 14, 2013

MOORE, Presiding Judge.

**{¶1}** Defendant-Appellant, James R. Klein, III, appeals from his sentence and conviction as set forth in the August 2, 2012 judgment entry of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** In August of 2011, Mr. Klein and his girlfriend, Nikole Perrine, were involved in a one-car accident causing multiple injuries to both persons in the vehicle. At the hospital, Mr. Klein admitted to driving Ms. Perrine's vehicle at the time of the accident. Mr. Klein was indicted for two counts of operating under the influence of alcohol or drugs, in violation of R.C. 4511.19(A)(1)(a)/(g), felonies of the fourth degree, one count of aggravated vehicular assault, in violation of R.C. 2903.08(A)(1), a felony of the second degree, and one count of driving under suspension, in violation of R.C. 4510.11, a misdemeanor of the first degree.

{¶3}	Mr. Klein pleaded not guilty to all charges, and the matter proceeded to jury trial. The jury returned a verdict of guilty on all four counts, and counts one and two merged into count three for sentencing purposes. The trial court sentenced Mr. Klein to a mandatory term of five years of imprisonment for aggravated vehicular assault, to run concurrently with a term of six months in the Summit County Jail for driving under suspension. Additionally, the trial court ordered that Mr. Klein's driver's license and all driving privileges be suspended for a definite period of fifteen years. The trial court also issued a fine in the amount of $2,000, but later waived it based upon Mr. Klein's indigent status.

{¶4}	Mr. Klein appealed, setting forth three assignments of error for our consideration.

II.

## ASSIGNMENT OF ERROR I

THE FINDING THAT MR. KLEIN WAS GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶5}	In his first assignment of error, Mr. Klein argues that his convictions are against the manifest weight of the evidence. Specifically, Mr. Klein argues that the evidence does not prove beyond a reasonable doubt that he was the driver of the vehicle because (1) there was no clear DNA evidence, (2) his statement at the hospital about driving the vehicle was not credible due to being under the influence of powerful pain pills, (3) Ms. Perrine's testimony was not credible due to her memory loss and past incidents of lying, and (4) both he and Ms. Perrine suffered leg injuries consistent with being the driver of the vehicle.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A weight of evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id.* The Court's "discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction." *Otten* at 340. *See also State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶6} Here, the jury heard testimony from witnesses for the State, including paramedic/firefighter Michael Lester, paramedic/firefighter Ronald Boryk, Officers Scott Dressler and Robert Gilbert, and Ms. Perrine. Additionally, Mr. Klein called his sister, Jennifer Klein, to testify upon his behalf.

{¶7} Mr. Lester testified that when he arrived at the scene of the accident he saw a car turned over onto its driver's side. There was one person inside the car and one person lying outside on the ground. Mr. Lester indicated that Mr. Klein was inside of the car, in the driver's seat, with his feet down by the gas pedal. Further, Mr. Lester stated that he had to cut out the car's front windshield, along with the front pillar that was resting on the ground, in order for Mr. Klein to be able to exit the car. Mr. Lester also testified that he smelled alcohol on Mr. Klein's breath, and that Mr. Klein admitted to consuming alcohol that evening.

{¶8} Officer Dressler testified that Mr. Klein was "[s]eated in a normal position in the vehicle as a driver would be [sitting] in the seat."

{¶9} Officer Gilbert testified that the fire department cut out the front windshield of the car in order to remove Mr. Klein who was seated in front of the steering wheel. After securing

the scene, Officer Gilbert stated that he went to the hospital to speak with Mr. Klein and Ms. Perrine about the accident. At the hospital, Officer Gilbert heard Mr. Klein tell a doctor that he was driving the car at the time of the accident. Further, Ms. Perrine told Officer Gilbert that she was not driving the car. In addition, Officer Gilbert testified that Mr. Klein's DNA was found on both the driver's and passenger's airbags, and there was no evidence that seatbelts were used by either person in the car.

{¶10} Ms. Perrine testified that on the evening of the accident, both she and Mr. Klein were drinking alcohol. At around 12:30 a.m., Ms. Perrine stated that she became angry with Mr. Klein and attempted to leave the bar, but he took her car keys. According to her testimony, she and Mr. Klein left the bar together and he was driving, while she continued yelling at him. Further, she stated that her last recollection is "everything spinning and screaming" until she awoke in the hospital several weeks later. Ms. Perrine testified that, while in the hospital, she spoke with Mr. Klein in person and on the telephone. Further, she stated that during one of the visits, Mr. Klein indicated that he wished to speak with her privately about something. Ms. Perrine explained that she called Mr. Klein the next day, and he "asked [her] if [she] would tell the police that [she] was the one driving," and then stated that "if [she] said [she] was the one driving it would only be about six months for [her], and this would be his fourth DUI."

{¶11} Based upon the above testimony, we conclude that it was reasonable for the jury to infer that Mr. Klein was driving Ms. Perrine's car at the time of the accident because: (1) the paramedics and police officers stated that Mr. Klein was seated on the driver's side of the car, in front of the steering wheel, with his feet by the pedals, (2) Officer Gilbert heard Mr. Klein tell a doctor that he was driving at the time of the accident, (3) Ms. Perrine told Officer Gilbert that she was not driving at the time of the accident, (4) Mr. Klein's DNA was found on both airbags, and

(5) Ms. Perrine testified that she and Mr. Klein were drinking and had a fight, Mr. Klein took her keys, Mr. Klein was driving her car at the time of the accident, and Mr. Klein asked her to tell the police that she was the one driving because her punishment would be less severe.

{¶12} Further, we are not swayed by Mr. Klein's arguments regarding Ms. Perrine's credibility because the jury heard testimony from both Ms. Perrine and Jennifer Klein regarding Ms. Perrine's past incidents of untruthfulness. The trial court clearly instructed the jury regarding witness credibility and that, based upon the tests of truthfulness that apply in their daily lives, the jury should assign to the testimony of each witness the weight that they deem proper. The trial court explained:

* * *

You are not required to believe the testimony of any witness simply because he or she was under oath.

You may believe or disbelieve all or part of the testimony of any witness.

You should decide what testimony is worthy of belief, and what testimony is not worthy of belief.

* * *

This Court will not overturn a verdict on a manifest weight challenge simply because the jury chose to believe the State's witnesses rather than Mr. Klein's witness. *See State v. Crowe*, 9th Dist. Medina No. 04CA0098-M, 2005-Ohio-4082, ¶ 22.

{¶13} Therefore, based upon a thorough review of the record, we cannot say that the jury clearly lost its way in finding Mr. Klein guilty of the charged offenses, or that his convictions are against the manifest weight of the evidence.

{¶14} Mr. Klein's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ADMITTING OFFICER GILBERT AS AN EXPERT IN THIS CASE.

{¶15} In his second assignment of error, Mr. Klein argues that Officer Gilbert should not have been qualified as an expert witness because the State failed to comply with Crim.R. 16(K). Specifically, Mr. Klein argues that Officer Gilbert was not disclosed as an expert witness twenty-one days prior to trial, and that he should not have been permitted to offer his opinion on the type of injuries a person may have in relation to where that person was seated during an accident.

Crim.R. 16(K) states that:

> An expert witness for either side shall prepare a written report summarizing the expert witness's testimony, findings, analysis, conclusions, or opinion, and shall include a summary of the expert's qualifications. The written report and summary of qualifications shall be subject to disclosure under this rule no later than twenty-one days prior to trial, which period may be modified by the court for good cause shown, which does not prejudice any other party. Failure to disclose the written report to opposing counsel shall preclude the expert's testimony at trial.

However, because Mr. Klein did not object at trial to Officer Gilbert's qualification as an expert, we review for plain error.

{¶16} "A fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of but failed to bring to the trial court's attention." *Russell v. City of Akron Hous. Appeals Bd.*, 9th Dist. Summit No. 17271, 1996 WL 1769, *1 (Jan. 3, 1996), citing *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210 (1982). Further, failing to preserve an objection in the trial court constitutes a forfeiture of that issue. *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 23. "Where a party has forfeited an objection by failing to raise it, the objection may still be assigned as error on appeal if a showing of plain error is made." *State v. Feliciano*, 9th Dist. Lorain No. 09CA009595, 2010-Ohio-2809,

¶ 8. *See also* Crim.R. 52(B). Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "As notice of plain error is to be taken with utmost caution and only to prevent a manifest miscarriage of justice, the decision of a trial court will not be reversed due to plain error unless the defendant has established that the outcome of the trial clearly would have been different but for the alleged error." *State v. Veal*, 9th Dist. Summit No. 26005, 2012-Ohio-3555, ¶ 18.

{¶17} Here, the record indicates that the State asked the trial court to qualify Officer Gilbert as an expert in crash investigation and accident reconstruction. At that time, Mr. Klein's counsel asked to approach the bench and a discussion was had outside of the presence of the jury. During this discussion, the parties agreed that Officer Gilbert could be qualified as an expert in "crash investigation," and that the State would not ask him how the accident occurred. As questioning continued, the State inquired from a PowerPoint presentation created by Officer Gilbert for the purposes of testifying in court. Again, Mr. Klein's counsel asked to have a discussion off the record about the appropriateness of the slides in relation to Officer Gilbert's opinion regarding the identity of the person driving Ms. Perrine's car at the time of the accident, and whether Ms. Perrine's statements at the hospital were hearsay. The trial court released the jury and heard argument on these issues.

{¶18} The next day, the State inquired of Officer Gilbert as follows:

\* \* \*

Q. Based on your education, training, and experience, when you have responded to these hundreds of crashes, what types of injuries have you typically seen to the drivers of these vehicles [with a bolster panel underneath the steering wheel?]

A. Often is knee injuries because you go forward, your body is going forward at the rate of the car's speed, the motor vehicle speed; so, you strike that lower dash panel area and cause injuries to the knees, to the lower legs. Sometimes you end up with some chest injuries from the steering wheel.

Q. And in these hundreds of crashes that you have investigated, have you ever found passengers, we'll say, front seat passengers, to be injured?

A. Yes.

Q. What are the types of injuries that you have seen often from—in your education, training, and experience from front seat passengers?

A. They tend to go forward and plant their face into the windshield area, which causes a lot of facial trauma, lacerations, facial bones broken.

Q. And when you say that in your experience, are these unrestrained or restrained front seat passengers?

A. Usually unrestrained.

* * *

Mr. Klein's counsel then objected for the record, which the trial court overruled.

{¶19} In reviewing Officer Gilbert's testimony, it is clear that he is answering the State's questions regarding accident related injuries based upon his personal observations and perceptions from working as a police officer, and not as an expert offering a hypothetical opinion. *See State v. Morgan*, 9th Dist. Medina No. 07CA0124-M, 2008-Ohio-5530, ¶ 30, for the proposition that, pursuant to Evid.R. 701, "[a] lay witness may offer opinions and inferences provided they are both rationally based on his perception and helpful to the jury's understanding of the testimony or determination of a fact in issue." *See also State v. Williams*, 9th Dist. Summit No. 25716, 2011-Ohio-6604, ¶ 11. The record also indicates that Officer Gilbert was listed on the State's witness list, and that two accident reports from the Richfield Police Department were given to Mr. Klein during discovery. As such, Mr. Klein not only knew that Officer Gilbert would testify regarding his investigation of the accident, but he also knew the content of the police reports. Finally, as stated above, the jury could have reasonably determined that Mr. Klein was driving the car at the time of the accident based upon Mr. Klein's own admission in the hospital, Ms. Perrine's testimony, and the testimony of all those who responded

to the scene of the accident and found Mr. Klein in the driver's seat. Mr. Klein has not established that, but for the alleged error of qualifying Officer Gilbert as an expert, the outcome of the trial clearly would have been different. *See Veal* at ¶ 18. Therefore, even if the trial court erred in qualifying Officer Gilbert as an expert, the error was harmless.

{¶20} Mr. Klein's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO OFFICER GILBERT'S STATUS TO TESTIFY AS AN EXPERT IN THIS CASE.

{¶21} In his third assignment of error, Mr. Klein argues that trial counsel was ineffective for failing to object to Officer Gilbert being qualified as an expert witness when the State failed to comply with Crim.R. 16(K).

{¶22} To prevail on a claim of ineffective assistance of counsel, Mr. Klein must show (1) that counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for counsel's deficient performance the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. However, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). Further, to establish prejudice, Mr. Klein must show that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Strickland* at 694.

{¶23} As stated above, Officer Gilbert testified from personal knowledge regarding the investigation of car accidents, and the injuries he has seen as a result of those investigations. He was not asked, and did not offer an opinion on the ultimate issue of who was driving the vehicle. Further, he was listed on the State's witness list, and his police reports were given to Mr. Klein prior to trial. After reviewing the record, we cannot conclude that trial counsel's failure to object to Officer Gilbert being qualified as an expert in crash investigation was anything but trial strategy, especially because the State indicated that Officer Gilbert would only testify as to what he personally saw and heard while investigating accidents. Further, even assuming trial counsel erred, Mr. Klein cannot show that, but for this error, there exists a reasonable probability that the result of the trial would have been different. *See Strickland* at 694. Because Officer Gilbert testified based upon the personal knowledge he gained by working as a police officer, his testimony regarding what he saw during accident investigations would have been proper with or without being qualified as an expert witness.

{¶24} Mr. Klein's third assignment of error is overruled.

III.

{¶25} In overruling Mr. Klein's three assignments of error, the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT


WHITMORE, J.
CONCURS.

BELFANCE, J.
CONCURRING.

{¶26} I concur. With regard to Mr. Klein's argument that the trial court erred in admitting Officer Gilbert as an expert, as noted above, Mr. Klein's counsel initially objected to Officer Gilbert testifying as an expert. After a sidebar, Mr. Klein's counsel agreed that Officer Gilbert could be qualified as an expert on crash investigation. I agree that Mr. Klein has not explained how it was plain error for the court to have qualified Officer Gilbert in crash investigation under circumstances where Mr. Klein's own counsel agreed to the expert qualification and he does not explain how the outcome of the trial was affected simply by virtue of qualifying Officer Gilbert as an expert. Moreover, since trial court qualified Officer Gilbert based upon discussions occurring at an off-the-record sidebar, it would seem problematic to

conclude that the trial court committed plain error, given the absence in this record as to the exchange with counsel that formed the basis of the trial court's expert qualification.

{¶27} With respect to Mr. Klein's argument that counsel was ineffective, Mr. Klein avers that counsel was ineffective for failing to object to Officer Gilbert's qualification as an expert in crash investigation. However, much of counsel's decision-making occurred during a sidebar which is outside of the record in this case. Thus, to establish deficient performance, Mr. Klein would need to rely on information outside of the record.

APPEARANCES:

SCOT A. STEVENSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.