THE STATE EX REL. WOMACK, APPELLANT, *v.* MARSH, JUDGE, APPELLEE.

[Cite as *State ex rel. Womack v. Marsh,* 128 Ohio St.3d 303, 2011-Ohio-229.]

*Mandamus — Writ sought to compel common pleas court judge to rule on motion for resentencing — Claim rendered moot after motion was denied — Court of appeals' dismissal of petition for writ affirmed.*

(No. 2010-1157 — Submitted January 4, 2011 — Decided January 25, 2011.)

APPEAL from the Court of Appeals for Hamilton County, No. C-100287.

_____

**Per Curiam.**

{¶ 1}   This is an appeal from a judgment entered by the court of appeals dismissing the petition of appellant, James E. Womack, for a writ of mandamus to compel appellee, Hamilton County Court of Common Pleas Judge Melba D. Marsh, to rule on his motions for resentencing, vacate his judgment of conviction and sentence, conduct a new sentencing hearing, and issue a new judgment. Because Womack's petition failed to state a claim upon which the requested extraordinary relief in mandamus can be granted, we affirm the judgment of the court of appeals.

**Facts**

{¶ 2}   After a jury trial, Womack was convicted of four counts of robbery in violation of R.C. 2911.02(A)(3), which is a felony of the third degree.  See R.C. 2911.02(B).  At his sentencing hearing, the trial court notified Womack that he was subject to a mandatory term of three years of postrelease control.  R.C. 2967.28(B)(3).   In the June 13, 2006 sentencing entry, however, the court mistakenly referred to the robbery convictions as felonies of the first degree and imposed a mandatory postrelease-control term of five years instead of three

years.[1]  The court also sentenced Womack to an aggregate prison term of 20 years.  Womack appealed, the court of appeals affirmed his convictions, and this court did not accept his further appeal for review.  See *State v. Womack*, 115 Ohio St.3d 1413, 2007-Ohio-4884, 873 N.E.2d 1317.

{¶ 3}  On June 8, 2009, Womack filed a motion in the common pleas court for resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, in which we held that certain sentencing statutes were unconstitutional because they required judicial fact-finding before imposition of consecutive sentences.  On December 1, 2009, Womack filed a motion in the common pleas court for resentencing due to the error in imposing postrelease control.

{¶ 4}  On May 3, 2010, Womack filed a petition in the Court of Appeals for Hamilton County for a writ of mandamus to compel Judge Marsh to rule on his motions for resentencing.  Womack also requested that Judge Marsh be compelled to vacate his convictions and sentence, conduct a new sentencing hearing, and issue a new judgment.  Four days later, Judge Marsh denied Womack's motions and determined that he was not entitled to a new sentencing hearing.  Nevertheless, Judge Marsh corrected Womack's sentencing entry to specify that he was subject to three years, not five years, of mandatory postrelease control:

{¶ 5}  "The court further finds that the defendant is correct that the mandatory term of post-release control is three years as opposed to the five years originally ordered by this Court.  Therefore, it is the order of this Court that, as the defendant is well aware, he shall be subject to three years of post-release control."

---

[1] Judge Ralph Winkler entered the judgment.  Judge Marsh succeeded Judge Winkler as the judge presiding over the criminal case.

**{¶ 6}** Judge Marsh then moved to dismiss Womack's mandamus petition because his claim was rendered moot by her ruling. The court of appeals granted the judge's motion and dismissed the petition.

**{¶ 7}** This cause is now before the court upon Womack's appeal as of right.

### Legal Analysis

*Mandamus*

**{¶ 8}** Womack asserts that the court of appeals erred in dismissing his mandamus petition. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9. The court of appeals could take judicial notice of the entry attached to Judge Marsh's motion to dismiss in support of her claim that the entry rendered Womack's mandamus claim moot without converting the motion to a motion for summary judgment. *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 10.

**{¶ 9}** To be entitled to the writ, Womack must establish a clear legal right to the requested relief, a corresponding clear legal duty on the part of Judge Marsh to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶ 8.

*Ruling on Motions for Resentencing*

**{¶ 10}** The court of appeals properly dismissed Womack's petition to compel Judge Marsh to rule on his motions for resentencing once the judge had ruled on the motions. "Mandamus will not compel the performance of an act that

has already been performed." *State ex rel. Dehler v. Kelly*, 123 Ohio St.3d 297, 2009-Ohio-5259, 915 N.E.2d 1223, ¶ 1.

*Vacation of Convictions, New Sentencing Hearing,*

*and New Judgment Entry*

{¶ 11} Nevertheless, Womack's petition also requested that Judge Marsh vacate his convictions, conduct a new sentencing hearing, and issue a new sentencing entry. Although in his petition he requested this relief based on both the error in imposing postrelease control and *Foster*, his appeal is limited to his contentions concerning postrelease control.

{¶ 12} To be sure, Womack is correct that if a trial court refuses to issue a new sentencing entry that includes the appropriate term of postrelease control, a party can generally compel the trial court to do so by filing an action for a writ of mandamus or a writ of procedendo. See *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110. We have also held, in general, that "[f]or criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio." *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph one of the syllabus.

{¶ 13} Judge Marsh has now corrected Womack's original sentencing entry to reflect the appropriate three-year term of mandatory postrelease control, which is what the trial court had properly imposed at Womack's sentencing hearing. No new sentencing hearing is required, because the trial court's failure to include the postrelease-control term in the original sentencing entry was manifestly a clerical error. It appears that this error arose from the trial court's mistaken designation of Womack's robbery convictions as felonies of the first degree instead of felonies of the third degree. R.C. 2911.02(A)(3) and 2911.02(B). Although trial courts generally lack authority to reconsider their own

valid final judgments in criminal cases, they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19; Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time").

{¶ 14} Because appellant was notified of the proper term of postrelease control at his sentencing hearing and the error was merely clerical in nature, Judge Marsh was authorized to correct the mistake by nunc pro tunc entry[2] without holding a new sentencing hearing. Cf. *Cruzado* at ¶ 20, fn. 1 (error in postrelease control in sentencing entry was not treated as a clerical error by the judge when he held a sentencing hearing before entering the new sentencing order).

{¶ 15} Finally, the nunc pro tunc entry related back to Womack's original sentencing entry so that neither Crim.R. 32(C) nor *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus, has been violated. See *State v. Harrison*, Butler App. Nos. CA2009-10-272 and CA2010-01-019, 2010-Ohio-2709, ¶ 24, citing *State v. Battle*, Summit App. No. 23404, 2007-Ohio-2475, ¶ 6 ("generally, [a] nunc pro tunc entry relates back to the date of the journal entry it corrects"); *State v. Yeaples*, 180 Ohio App.3d 720, 2009-Ohio-184, 907 N.E.2d 333, ¶ 15 ("A nunc pro tunc entry is the procedure used to correct clerical errors in a judgment entry, but the entry does not extend the time within which to file an appeal, as it relates back to the original judgment entry").

## Conclusion

{¶ 16} Based on the foregoing, Womack is not entitled to the requested extraordinary relief in mandamus. Therefore, we affirm the judgment of the court of appeals dismissing Womack's mandamus petition.

---

[2] Although Judge Marsh did not specify that the entry was a nunc pro tunc entry, we conclude that it had the same effect.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

James E. Womack, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Paula E. Adams, Assistant Prosecuting Attorney, for appellee.

_____