[Cite as *State ex rel. Russo v. Tibbals*, 2012-Ohio-158.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97190

---

## STATE OF OHIO, EX REL.,
## VINCENT RUSSO

PETITIONER

vs.

## WARDEN TERRY TIBBALS

RESPONDENT

---

## JUDGMENT:
## PETITION DISMISSED

---

Writ of Habeas Corpus
Motion Nos. 447890
Order No. 451175

**RELEASED DATE:**   January 13, 2012

**FOR PETITIONER**

Vincent Russo
26958 Schady Road
Olmsted Falls, OH   44138

**ATTORNEY FOR RESPONDENT**

Jerri L. Fosnaught
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio   43215
KATHLEEN ANN KEOUGH, J.:

{¶ 1} Petitioner, Vincent Russo, avers in his petition that he is a prisoner at Mansfield Correctional Institution ("ManCI") where respondent is the warden.   Russo also avers that ManCI is in Richland County.   Russo claims that his sentence expired on August 19, 2011 and requests relief in habeas corpus to compel respondent to release Russo immediately.   On the day Russo filed his petition in habeas corpus, he also filed a "notice of transfer" indicating that he would be transferred to the Cuyahoga County Jail on or about August 17, 2011.

{¶ 2} Respondent has filed a motion to dismiss.   Russo has not opposed the motion.

{¶ 3} Attached to the motion to dismiss is a copy of Russo's "Expiration of Sentence" form including the signatures of both respondent and Russo. The form indicates that Russo was released on August 19, 2011.   *Compare State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943

N.E.2d 1010 (the court of appeals may take judicial notice of an entry attached to a judge's motion to dismiss supporting the judge's claim that an action in mandamus is moot). Respondent also argues that this action is moot because Russo is not in custody. As noted above, Russo acknowledged in his "notice of transfer" that he was transferred to Cuyahoga County Jail. We agree, therefore, that he is no longer in respondent's custody.

{¶ 4} Additionally, Russo was required to file any action in habeas corpus against respondent in Richland County. "This court does not possess the authority to order the release of a person from prison unless the prison lies within our territorial jurisdiction, which is Cuyahoga County." (Citations omitted.) *Thomas v. Tibbals*, 8th Dist. No. 97519, 2011-Ohio-6087, 2011 WL 5869771¶ 2. The lack of territorial jurisdiction provides another basis for dismissing this action.

{¶ 5} Accordingly, respondent's motion to dismiss is granted. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Petition dismissed.


KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, P.J., and
SEAN C. GALLAGHER, J., CONCUR.