[Cite as *State v. Warner*, 2012-Ohio-716.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,               :         APPEAL NO. C-110198
                                               TRIAL NO.  B-1002256-G

       Plaintiff-Appellee,          :

 vs.                              :          *O P I N I O N.*

CLAYTON WARNER,        :

       Defendant-Appellant.      :

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Sentences Vacated in Part, and Cause  Remanded

Date of Judgment Entry on Appeal:  February 24, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*J. Thomas Hedges*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**J. HOWARD SUNDERMANN, Presiding Judge.**

{¶1}    Defendant-appellant Clayton Warner was indicted on numerous counts of forgery, theft, and possession of criminal tools in conjunction with his involvement in a counterfeit check cashing ring. Warner subsequently pleaded guilty to counts 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 24, 25, 26, 27, 30, 32, 33, 35, 36, 37, 38, 50, 51, 52, 53, and 54. In exchange for his guilty pleas, the state dismissed counts 1, 2, 8, 9, 19, 20, 21, 22, 23, 28, 29, 31, 34, 39, 40, 41, 42, 43, 44, and 45. The trial court sentenced Warner to eleven months on each of the counts to which he had pleaded guilty, some of which were to be served concurrently, for an aggregate sentence of 132 months in prison. Warner now appeals.

### I. Merger of Theft and Forgery Offenses

{¶2}    In a single assignment of error, Warner argues that the trial court erred in imposing separate sentences for the theft offenses in counts 14, 16, 18, 36, and 38 because it had stated that they were allied offenses of similar import under R.C. 2941.25 with their related forgery offenses. The state concedes the error.

{¶3}    The record reveals that the trial court stated at Warner's sentencing hearing that it was merging the theft offenses in counts 14, 16, 18, 36, and 38 with their corresponding forgery counts because they were allied offenses of similar import. But in its sentencing entry, the trial court, nonetheless, imposed sentences of eleven months incarceration for the theft offenses in counts 14, 16, 18, 36, and 38. As a result, we agree with Warner and the state that the trial court committed plain error in separately sentencing Warner for the theft offenses, when it had previously stated that it was merging these theft offenses with the related forgery offenses. *See State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 26 and 31. We, therefore, sustain Warner's sole assignment of error, vacate the sentences for the theft offenses in counts

14, 16, 18, 36, and 38, and remand this case to the trial court to correct the mistake in the judgment entry by nunc pro tunc entry to reflect what it had actually decided at the sentencing hearing. *See State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 14; Crim.R. 36. We affirm the trial court's judgment in all other respects.

Judgment accordingly.

**HENDON** and **CUNNINGHAM, JJ.** concur.

Please note:

The court has recorded its own entry this date.