[Cite as *State v. Stewart*, 2014-Ohio-5355.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                      :

     Plaintiff-Appellee,                       :

v.                                                         :                    No. 14AP-347
                                   (C.P.C. No. 13CR02-702)

Ronald Stewart, Jr.,                              :

     Defendant-Appellant.                   :                    (REGULAR CALENDAR)

---

D E C I S I O N

Rendered on December 4, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for
appellee.

*Yavitch & Palmer Co., L.P.A.,* and *Jeffery A. Linn, II*, for
appellant.

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Ronald Stewart, Jr., is appealing from his conviction on a charge of felonious assault. He assigns two errors for our consideration:

> [I.] THE TRIAL COURT ERRED BY OVERRULING
> APPELLANT'S CRIM.R. 29 MOTION FOR JUDGMENT OF
> ACQUITTAL, AND THEREBY DEPRIVED APPELLANT OF
> DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH
> AND FOURTEENTH AMENDMENT TO THE UNITED
> STATES CONSTITUTION AND COMPARABLE PROVISION
> OF THE OHIO CONSTITUTION.
>
> [II.] THE TRIAL COURT ERRED BY FINDING APPELLANT
> GUILTY AND THEREBY DEPRIVED APPELLANT OF DUE
> PROCESS OF LAW AS GUARANTEED BY PROVISIONS OF
> THE OHIO CONSTITUTION BECAUSE THE VERDICT OF
> GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE
> EVIDENCE.

{¶ 2} Both assignments of error require a detailed review of the evidence presented in the trial court. We therefore will address them together.

{¶ 3} Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict. Id. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979). The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact. *Jenks* at 273. If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant. See *Thompkins* at 387.

{¶ 4} A manifest weight argument, in contrast to a claim of insufficient evidence, requires us to engage in a limited weighing of the evidence to determine whether there is enough competent and credible evidence so as to permit reasonable minds to find guilt beyond a reasonable doubt and, thereby, to support the judgment of conviction. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*

{¶ 5} Issues of witness credibility and concerning the weight to attach to specific testimony remain primarily within the province of the trier of fact, whose opportunity to make those determinations is superior to that of a reviewing court. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). The question is whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Hancock*, 108 Ohio St.3d 57, 63; quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). The discretionary power to grant a new

trial should be exercised only in the exceptional case in which the evidence weighs heavily against a conviction. *Thompkins* at 387.

{¶ 6} A jury may "take note of the inconsistencies and resolve or discount them accordingly, such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996). "Furthermore, it is within the province of the jury to make the credibility of witnesses. It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness." *State v. Dillion*, 10th Dist. No. 04AP-1211, 2005-Ohio-4124, ¶ 15 (citations omitted).

{¶ 7} There is no doubt that four men, including Ronald Stewart, Jr., came near to Eric Scott armed with deadly weapons. One of the four, Demetrius Craig came at Eric Scott swinging a framing hammer. While Scott and Craig were struggling over possession of the framing hammer, Scott could feel other blows striking him, but he did not see who else was striking him because his attention was focused on Demetrius Craig.

{¶ 8} Scott was eventually able to get possession of the framing hammer, at which time the fight ended. Scott acknowledged at trial that he could not recall if Ronald Stewart approached him during the actual fight. Scott had earlier told the police that he thought Stewart had tried to kick his legs out from under him, but he acknowledged during the trial testimony that it could have been one of the others.

{¶ 9} Scott's former girlfriend, Natalie Payton, witnessed the altercation and testified that all four men were hitting Scott with their weapons when the fight started.

{¶ 10} Felonious assault is defined by R.C 2903.11(A) as follows:

> No person shall knowingly do either of the following:
>
> (1) Cause serious physical harm to another or to another's unborn;
>
> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

{¶ 11} The judgment entry which sentenced Stewart says Stewart was convicted of attempted felonious assault, a lesser felony. The parties to this appeal agree that Stewart

was actually convicted of felonious assault, a felony of the second degree. The case must be remanded for a new judgment entry to be journalized. *See Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229. The trial judge who heard the evidence announced that he was finding Stewart guilty of felonious assault and fully explained his sentence for that offense. Therefore, a nunc pro tunc sentencing entry with this correction and correction of the phrase "entered a plea" to wording to reflect a trial occurred, is appropriate.

{¶ 12} There is no evidence that Scott suffered serious physical harm. However, there is sufficient evidence that Stewart was armed with a deadly weapon, a tire iron. Scott could not say Stewart struck him with the tire iron. Natalie Payton however testified that Stewart hit Scott with the tire iron he was carrying. This testimony satisfies the elements of felonious assault under R.C. 2903.11(A)(2). Stated somewhat differently, the testimony was sufficient to support a conviction for felonious assault.

{¶ 13} The first assignment of error is overruled.

{¶ 14} No defense testimony was presented, so there was no defense case to weigh against the prosecution's evidence.

{¶ 15} In our role as thirteenth juror, the testimony of Natalie Payton was clear that early on Stewart was hitting Scott with the tire iron. Stewart stated during the sentencing discussion that he did not hit Scott with the tire iron but that statement after the verdict was announced would not be considered evidence as to guilt or innocence since the trial was over by then.

{¶ 16} Applying the standard we are required to apply in determining the manifest weight of the evidence, we cannot say that the trial judge's verdict was against the manifest weight of the evidence

{¶ 17} The second assignment of error is overruled.

{¶ 18} Both assignments of error having been overruled, the judgment of the trial court is affirmed. The case is remanded, however for a corrective judgment and sentencing entry to the judgment.

*Judgment affirmed; case remanded*
*with instructions.*

BROWN and LUPER SCHUSTER, JJ., concur.