[Cite as *State ex rel. Hillman v. Woods*, 2021-Ohio-1080.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Robert L. Hillman, | : | |
| Relator, | : | |
| v. | : | No. 20AP-431 |
| Franklin County Common Pleas Judge William H. Woods, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on March 31, 2021

**On brief:** *Robert L. Hillman,* pro se.

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Ashley M. Wnek,* for respondent.

IN PROCEDENDO ON
RESPONDENT'S MOTION TO DISMISS

LUPER SCHUSTER, J.

{¶ 1} Relator, Robert L. Hillman, filed an original action requesting that this court issue a writ of procedendo ordering respondent, Judge William H. Woods, to issue a ruling on relator's February 21, 2020 motion for relief from judgment and relator's July 29, 2020 motion to proceed to judgment.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court grant respondent's motion to dismiss. No objections have been filed to that decision.

{¶ 3}    Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law.  In accordance with the magistrate's decision, we grant respondent's motion to dismiss.

*Motion to dismiss granted;*
*writ of procedendo dismissed.*

BROWN and MENTEL, JJ., concur.

## **APPENDIX**

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

State ex rel. Robert L. Hillman,       :

      Relator,            :

v.                        :            No.  20AP-431

Franklin County Common Pleas     :        (REGULAR CALENDAR)
Judge William H. Woods,

                          :

      Respondent.

                          :

---

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 7, 2021

---

*Robert L. Hillman,* pro se.

*Ron O'Brien,* Prosecuting Attorney, and *Ashley M. Wnek,* for respondent.

---

### IN PROCEDENDO ON
### RESPONDENT'S MOTION TO DISMISS

{¶ 4}   Relator, Robert L. Hillman, has filed this original action seeking a writ of procedendo ordering respondent, The Honorable Judge William H. Woods, to issue a ruling on relator's February 21, 2020, motion for relief from judgment and relator's July 29, 2020, motion to proceed to judgment.

Findings of Fact:

{¶ 5}   1.  Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas, in Franklin County, Ohio.

{¶ 6} 2. Relator is a prisoner incarcerated at Chillicothe Correctional Institution.

{¶ 7} 3. Relator filed his complaint in procedendo with this court on September 16, 2020.

{¶ 8} 4. The present complaint alleges that on July 11, 2019, respondent dismissed the complaint in an action he filed against a Franklin County assistant prosecutor in case No. 18 CV 006001.

{¶ 9} 5. On February 21, 2020, in case No. 18 CV 006001, relator filed a motion for relief from the court's July 11, 2019, judgment.

{¶ 10} 6. On July 29, 2020, in case No. 18 CV 006001, relator filed a motion to proceed to judgment, requesting that respondent rule on his pending motion for relief from judgment.

{¶ 11} 7. On September 18, 2020, respondent filed a decision and entry denying relator's February 21, 2020, motion for relief from judgment.

{¶ 12} 8. On October 15, 2020, in the present action, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting relator has no right to the requested relief because respondent has already ruled on relator's February 21, 2020, motion for relief from judgment.

Conclusions of Law:

{¶ 13} For the reasons that follow, it is this magistrate's decision that this court dismiss relator's complaint.

{¶ 14} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 15} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8.

{¶ 16} Procedendo will not lie to compel an act that has already been performed. *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, ¶ 1; *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998).

{¶ 17} In the present matter, respondent has now performed the act that relator sought to compel, i.e., ruling on relator's February 21, 2020, motion for relief from judgment. Respondent's ruling on relator's motion for relief from judgment also effectively rendered his July 29, 2020, motion to proceed to judgment moot. Therefore, procedendo will not lie.

{¶ 18} Accordingly, the magistrate recommends that this court grant respondent's motion to dismiss relator's complaint for a writ of procedendo.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).