[Cite as *State ex rel. Battin v. Lynch*, 2022-Ohio-61.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James L. Battin, | : | |
| Relator, | : | |
| v. | : | No. 21AP-321 |
| Judge Julie M. Lynch, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on January 11, 2022

**On brief:** *James L. Battin,* pro se.

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Anthony C. Chambers,* for respondent.

IN PROCEDENDO ON
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

LUPER SCHUSTER, P.J.

{¶ 1} Relator, James L. Battin, pro se, initiated this original action seeking a writ of procedendo ordering respondent, Judge Julie M. Lynch of the Franklin County Court of Common Pleas, to issue a ruling on Battin's January 25, 2021 motion for judicial release.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate who issued a decision, including findings of fact and conclusions of law. The magistrate's decision, appended hereto, recommends this court grant Judge Lynch's motion for summary judgment and dismiss Battin's complaint for a writ of procedendo. Specifically, the magistrate noted that a writ of procedendo will not issue to compel the performance of a duty that has already been performed. *State ex*

*rel. Morgan v. Fais*, 146 Ohio St.3d 428, 2016-Ohio-1564, ¶ 4.  The magistrate took judicial notice of a September 10, 2021 entry issued by Judge Lynch denying Battin's motion for judicial release and concluded that Battin's action seeking a writ of procedendo had been rendered moot.

{¶ 3}   No party has filed objections to the magistrate's decision.  The case is now before this court for review.

{¶ 4}   Finding no error of law or other defect on the face of the magistrate's decision, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  In accordance with the magistrate's decision, we grant Judge Lynch's motion for summary judgment and dismiss Battin's complaint for a writ of procedendo.

*Motion for summary judgment granted;*
*complaint in procedendo dismissed.*

DORRIAN and MENTEL, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. James L. Battin, | : | |
| Relator, | : | |
| v. | : | No.  21AP-321 |
| Judge Julie M. Lynch, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on October 20, 2021

*James L. Battin,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Anthony C. Chambers,* for respondent.

IN PROCEDENDO ON
RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

{¶ 5}   Relator, James L. Battin, has filed this original action seeking a writ of procedendo ordering respondent, Franklin County Common Pleas Judge Julie M. Lynch, to issue a ruling on relator's January 25, 2021, motion for judicial release.  Respondent has filed a motion for summary judgment.

Findings of Fact:

{¶ 6}   1.  Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas, in Franklin County, Ohio.

{¶ 7}   2.  Relator is a prisoner incarcerated at London Correctional Institution.

{¶ 8}   3. On January 25, 2021, relator filed a motion for judicial release in Franklin C.P. No. 15CR-835 ("15CR-835"), over which respondent presided.

{¶ 9}   4. On June 14 and 25, 2021, relator filed motions for judicial release in 15CR-835.

{¶ 10} 5. On June 25, 2021, relator filed his complaint in procedendo with this court, requesting that this court order respondent to issue a ruling on relator's January 25, 2021, motion for judicial release.

{¶ 11} 6. On June 29, 2021, in 15CR-835, respondent filed an entry denying relator's June 14 and 25, 2021, motions for judicial release.

{¶ 12} 7.  On July 14, 2021, in the present action, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting relator has no right to the requested relief because respondent already ruled on relator's January 25, 2021, motion to vacate in her June 29, 2021, entry.

{¶ 13} 8. On July 30, 2021, this magistrate denied respondent's motion to dismiss, finding that respondent did not rule on relator's January 25, 2021, motion to vacate in her June 29, 2021, entry.

{¶ 14} 9. On September 10, 2021, respondent filed an entry denying relator's January 25, 2021, motion for judicial release, as well as several other motions.

{¶ 15} 10. On October 8, 2021, respondent filed a motion for summary judgment, asserting that because she has now ruled on and denied relator's January 25, 2021, motion for judicial release, the current writ of procedendo is moot.

Conclusions of Law:

{¶ 16} For the reasons that follow, it is the magistrate's decision that this court grant respondent's motion for summary judgment.

{¶ 17} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when

a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 18} Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C).

{¶ 19} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

{¶ 20} Procedendo will not lie to compel an act that has already been performed. *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, ¶ 1; *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252-53 (1998).

{¶ 21} In the present matter, respondent's September 10, 2021, entry denied relator's January 25, 2021, motion for judicial release. Thus, respondent has performed

the act that relator sought to compel, *i.e.*, ruling on relator's January 25, 2021, motion for judicial release. Therefore, procedendo will not lie under these circumstances.

{¶ 22} Accordingly, the magistrate recommends that this court grant respondent's motion for summary judgment and dismiss relator's complaint for a writ of procedendo.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).