[Cite as *State ex rel. Martin v. McIntosh*, 2022-Ohio-710.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel.<br>Tyrone M. Martin, | : | |
| | : | |
| Relator, | | |
| | : | No. 21AP-477 |
| v. | | |
| | : | (REGULAR CALENDAR) |
| [Franklin County Court of Common Pleas<br>and Judge Stephen L. McIntosh, | : | |
| | | |
| Respondents]. | : | |

D E C I S I O N

Rendered on March 10, 2022

**On brief:** *Tyrone M. Martin, pro se.*

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Anthony C. Chambers*, for respondents.

IN PROCEDENDO

DORRIAN, J.

{¶ 1} In this original action, relator, Tyrone M. Martin, requests a writ of procedendo ordering respondents Franklin County Court of Common Pleas and Judge Stephen L. McIntosh, to issue a ruling on his August 15, 2019 motion for final appealable order.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court grant respondents' motion to dismiss and dismiss this action.

{¶ 3}   No party has filed objections to the magistrate's decision.  The case is now before this court for review.

{¶ 4}   No error of law or other defect is evident on the face of the magistrate's decision. Therefore, we adopt the findings of fact and conclusions of law contained therein. Accordingly, respondents' motion to dismiss is granted, and relator's complaint for a writ of procedendo is dismissed.

*Motion to dismiss granted;*
*action dismissed.*

JAMISON and NELSON, JJ., concur.

NELSON, J., retired, formerly of the Tenth Appellate District, Assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Tyrone M. Martin, | : | |
| Relator, | : | |
| v. | : | No. 21AP-477 |
| Franklin County Court of Common Pleas et al., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 15, 2021

*Tyrone M. Martin,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Anthony C. Chambers,* for respondents.

IN PROCEDENDO ON
RESPONDENT'S MOTION TO DISMISS

{¶ 5}   Relator, Tyrone M. Martin, has filed this original action seeking a writ of procedendo ordering respondents, Franklin County Court of Common Pleas and Judge Stephen L. McIntosh ("Judge McIntosh"), to issue a ruling on relator's August 15, 2019, motion for final appealable order.

Findings of Fact:

{¶ 6}    1. Respondent Judge McIntosh is a public official serving as a judge in the Franklin County Court of Common Pleas, in Franklin County, Ohio.

{¶ 7}    2. Relator is a prisoner incarcerated at Marion Correctional Institution.

{¶ 8}    3. Respondent Judge McIntosh is the presiding judge in Franklin C.P. No. 95CR-183, a criminal matter in which relator is the defendant.

{¶ 9}    4. On August 15, 2019, in case No. 95CR-183, relator filed a motion for final appealable order.

{¶ 10} 5. Relator filed his complaint in procedendo with this court on September 23, 2021, seeking a writ ordering respondent Judge McIntosh to issue a decision on his motion for final appealable order.

{¶ 11} 6. On October 21, 2021, in case No. 95CR-183, respondent Judge McIntosh filed an entry denying relator's motion for final appealable order.

{¶ 12} 7. On October 21, 2021, in the present action, respondents filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting relator has no right to the requested relief because respondent Judge McIntosh has already ruled on relator's August 15, 2019, motion for final appealable order.

Conclusions of Law:

{¶ 13} For the reasons that follow, it is this magistrate's decision that this court should dismiss relator's complaint.

{¶ 14} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 15} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the

present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet). In addition, courts may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580-81 (1996); *Draughon* at ¶ 26 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment).

{¶ 16} Procedendo will not lie to compel an act that has already been performed. *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, ¶ 1; *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998).

{¶ 17} In the present matter, respondent Judge McIntosh has now performed the act that relator sought to compel, i.e., ruling on relator's August 15, 2019, motion for final appealable order. Therefore, procedendo will not lie.

{¶ 18} Accordingly, the magistrate recommends that this court grant respondents' motion to dismiss relator's complaint for a writ of procedendo.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).