[Cite as *State ex rel. Black v. Brown*, 2022-Ohio-2783.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Franklin Black, | : | |
| Relator, | : | |
| | | No. 21AP-55 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Franklin County Common Pleas Judge [Kim] Brown, | : | |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on August 11, 2022

**On brief:** *Franklin Black*, pro se.

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Ashley M. Wnek,* for respondent.

IN PROCEDENDO

MENTEL, J.

{¶ 1} Relator, Franklin Black, brought this original action seeking a writ of procedendo ordering Respondent, a judge of the Franklin County Court of Common Pleas, to rule on the motion for postconviction relief he filed on October 16, 2019, in the criminal case against him in that court. The State of Ohio filed a motion to dismiss Mr. Black's complaint in that court on October 21, 2019. Respondent has filed a motion to dismiss, arguing that this action is moot. Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate.

{¶ 2} The magistrate recommends that we dismiss Mr. Black's complaint for a writ of procedendo as moot because the trial court judge ruled on relator's motion on

December 16, 2019.  (Apr. 12, 2021 Mag.'s Decision at 3.)  The magistrate also provided notice to the relator of the opportunity under Civ.R. 53(D)(3) to object to the findings of fact and conclusions of law in the decision.  *Id.*

{¶ 3}  Mr. Black filed no objection to the magistrate's decision.  "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).  Our review of the magistrate's decision reveals no error of law or other evident defect.  *See, e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223 (adopting the magistrate's decision where no objections were filed). Accordingly, we adopt the decision of the magistrate, grant the respondent's motion, and dismiss the complaint for a writ of procedendo.

*Motion granted; writ of procedendo dismissed.*

SADLER, and JAMISON, JJ., concur.

_____

# A P P E N D I X

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Franklin Black, | : | |
| Relator, | : | |
| v. | : | No.  21AP-55 |
| Franklin County Common Pleas Judge [Kim] Brown, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 12, 2021

*Franklin Black,* pro se.

[*G. Gary Tyack*]*,* Prosecuting Attorney, and *Ashley M. Wnek,* for respondent.

IN PROCEDENDO ON
RESPONDENT'S MOTION TO DISMISS

{¶ 4}  Relator, Franklin Black, has filed this original action seeking a writ of procedendo ordering respondent, Franklin County Common Pleas Judge Kim Brown, to issue a ruling on relator's October 16, 2019, petition for postconviction relief.

Findings of Fact:

{¶ 5}   1. Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas, in Franklin County, Ohio.

{¶ 6}   2. Relator is a prisoner incarcerated at Chillicothe Correctional Institution.

{¶ 7}   3. Relator filed his complaint in procedendo with this court on February 12, 2021.

{¶ 8}   4. On October 16, 2019, relator filed a petition for postconviction relief in Franklin C.P. No. 11CR-1080, over which respondent presided.

{¶ 9}   5. On October 21, 2019, in Franklin C.P. No. 11CR-1080, the State of Ohio filed a motion to dismiss the petition for postconviction relief.

{¶ 10} 6. On December 16, 2019, respondent filed a decision and entry denying relator's petition for postconviction relief.

{¶ 11} 7. On March 4, 2021, in the present action, respondent filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting relator has no right to the requested relief because respondent has already ruled on relator's petition for postconviction relief.

Conclusions of Law:

{¶ 12} For the reasons that follow, it is the magistrate's decision that this court grant respondent's motion and dismiss relator's complaint.

{¶ 13} In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id.* An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 14} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the

present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8.

{¶ 15} Procedendo will not lie to compel an act that has already been performed. *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, ¶ 1; *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253 (1998).

{¶ 16} In the present matter, respondent has performed the act that relator sought to compel, i.e., ruling on relator's October 16, 2019, motion for postconviction relief. Therefore, procedendo will not lie.

{¶ 17} Accordingly, the magistrate recommends that this court grant respondent's motion to dismiss relator's complaint for a writ of procedendo.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).