[Cite as *State ex rel. Harris v. Brown*, 2024-Ohio-168.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jovan Harris, | : | |
| Relator, | : | |
| v. | : | No. 23AP-21 |
| Franklin County Common Pleas Judge [Jeffrey M. Brown], | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on January 18, 2024

**On brief:** *Jovan Harris*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Jennifer Warmolts*, for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

LUPER SCHUSTER, J.

{¶ 1} Relator, Jovan Harris, filed an original action requesting this court issue a writ of procedendo ordering respondent, Franklin County Court of Common Pleas Judge Patrick E. Sheeran,[1] to issue a ruling on relator's December 9, 2021 motion for new trial in case No. 12CR-2004. Respondent filed a motion to dismiss.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the

---

[1] Judge Jeffrey M. Brown succeeded Judge Sheeran as the judge assigned to Harris' criminal case. Thus, Judge Brown is now the respondent in this matter. *See* Civ.R. 25(D)(1) (providing for the automatic substitution of a public officer's successor as a party).

appended decision, including findings of fact and conclusions of law, recommending this court grant respondent's motion to dismiss relator's complaint for a writ of procedendo. No objection to that decision has been filed.

{¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.   In accordance with the magistrate's decision, we grant respondent's motion and dismiss this matter.

*Motion granted*;
*action dismissed*.

DORRIAN and LELAND, JJ., concur.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jovan Harris, | : | |
| Relator, | : | |
| v. | : | No.  23AP-21 |
| Franklin County Common Pleas Judge Patrick E. Sheeran, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 13, 2023

*Jovan Harris*, pro se.

*G. Gary Tyack*, Prosecuting Attorney, and *Jennifer Warmolts*, for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

**{¶ 4}**   Relator, Jovan Harris, has filed this original action seeking a writ of procedendo ordering respondent, Franklin County Common Pleas Judge Patrick E. Sheeran, to issue a ruling on relator's December 9, 2021, motion for new trial. Respondent has filed a motion to dismiss.

Findings of Fact:

**{¶ 5}**   1. Respondent is a public official serving as a judge in the Franklin County Court of Common Pleas, Ohio.

{¶ 6}　2. Relator is a prisoner who was incarcerated at Chillicothe Correctional Institution in Chillicothe, Ohio, at the time he filed this procedendo action.

{¶ 7}　3. On December 9, 2021, relator filed a motion for new trial in Franklin C.P. No. 12CR-2004, over which respondent Judge Patrick E. Sheeran originally presided. Judge Jeffery M. Brown currently presides over the matter and hereafter will be referred to as "respondent."

{¶ 8}　4. On February 1, 2022, in Franklin C.P. No. 12CR-2004, respondent filed an entry denying relator's December 9, 2021, motion for new trial.

{¶ 9}　5. On January 11, 2023, relator filed his complaint in procedendo with this court, requesting that this court order respondent to issue a ruling on relator's December 9, 2021, motion for new trial.

{¶ 10}　6. On January 31, 2023, respondent filed a motion to dismiss.

Conclusions of Law:

{¶ 11}　For the reasons that follow, it is the magistrate's decision that this court should grant respondent's motion to dismiss relator's complaint for a writ of procedendo.

{¶ 12}　In order to be entitled to a writ of procedendo, a relator must establish a clear legal right to require that court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65 (1996). A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *Id*. An " 'inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.' " *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994).

{¶ 13}　The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of

pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet).

**{¶ 14}** Procedendo will not lie to compel an act that has already been performed. *State ex rel. Lester v. Pepple*, 130 Ohio St.3d 353, 2011-Ohio-5756, ¶ 1; *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 318 (2000), citing *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252-53 (1998).

**{¶ 15}** In the present matter, respondent's February 1, 2022, entry denied relator's December 9, 2021, motion for new trial. Thus, respondent has performed the act that relator sought to compel, i.e., ruling on relator's December 9, 2021, motion for new trial. Therefore, procedendo will not lie under these circumstances.

**{¶ 16}** Accordingly, the magistrate recommends that this court grant respondent's motion to dismiss relator's complaint for a writ of procedendo.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.