[Cite as *State v. Grinnell*, 2024-Ohio-1666.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                       :                    No. 23AP-600
                                          (C.P.C. No. 94CR-6418)

v.                                                     :

                                      (ACCELERATED CALENDAR)

Timothy Grinnell,                                      :

      Defendant-Appellant.                      :

---

D E C I S I O N

Rendered on April 30, 2024

---

**On brief:** *Mark E. Piepmeier*, Scioto County Special
Prosecutor, for appellee.

**On brief:** *Timothy Grinnell*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Timothy Grinnell, appeals from a judgment of the
Franklin County Court of Common Pleas denying his motion to correct sentencing entry.
For the following reasons, we affirm.

{¶ 2} In 1995, Grinnell was convicted of two counts of aggravated murder for his
actions during the 1993 prison riot at the Southern Ohio Correctional Facility in Lucasville,
Ohio. The trial court sentenced him to 20 years to life in prison on both counts, to be served
concurrently. Grinnell appealed from the judgment of conviction and sentence, and this
court affirmed. *State v. Grinnell*, 112 Ohio App.3d 124 (10th Dist.1996). Since that appeal,
Grinnell has filed various post-conviction motions and appeals. This appeal concerns
Grinnell's January 30, 2023 motion to correct sentencing entry, which the trial court
summarily denied in September 2023. Grinnell timely appeals from that denial and assigns
the following sole assignment of error for our review:

> The trial court denial of Defendant-Appellant motion to correct sentencing entry was in error.

{¶ 3} Grinnell argues the language of the sentencing entry does not match the language the judge used at the sentencing hearing to state the sentence being imposed and, therefore, a nunc pro tunc entry is required to correct this mistake. We are unpersuaded.

{¶ 4} Trial courts in criminal matters "retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided." *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 13. At Grinnell's sentencing hearing, the judge stated: "Be the sentence of the Court, be confined for a period of the rest of his natural life with no opportunity for parole for a period of 20 years." (Tr. Vol. III at 690-91.) The sentencing entry reflects this disposition. As to one of the aggravated murder convictions, the sentencing entry states "the defendant is sentenced to be imprisoned * * * to serve a sentence of Life without the eligibility of parole until the defendant has served Twenty (20) years." (Oct. 2, 1995 Entry of Verdict & Jgmt. of Conviction at 1-2.) As to the other aggravated murder conviction, the sentencing entry states the defendant must "serve a Life sentence without the eligibility of parole until the defendant has completed serving Twenty (20) years." (*Id.* at 2.) The trial court ordered that these sentences be served concurrently to each other. Thus, in the aggregate, the sentence imposed in the sentencing entry accurately reflected the sentence imposed at the sentencing hearing. Although the language used at the sentencing hearing, including the absence of the words "completed" or "has served," did not precisely match the language of the sentencing entry, they only reasonably can be read as substantively equivalent. Because Grinnell failed to demonstrate the sentencing entry inaccurately reflects what the court actually decided, the trial court did not err in denying Grinnell's motion to correct sentencing entry. Accordingly, we overrule his sole assignment of error.

{¶ 5} Having overruled Grinnell's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON and BOGGS, JJ., concur.

———————————